**Syedali MURSALIEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, United States Department of Justice, and Alberto Gonzales, Attorney General, Respondents.**

No. 05–5690–AG.

United States Court of Appeals, Second Circuit.

Oct. 5, 2005.

Warren S. Hecht, Forest Hills, NY, for Petitioner.

Laura Thomas Rivero, Assistant United States Attorney, Miami, FL, for Respondents.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Syedali Mursalien, a native and citizen of Bangladesh, seeks review of a September 26, 2005, order of the BIA affirming the February 2, 2004, and January 3, 2005, orders of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying petitioner's separate motions for reopening of a deportation proceeding. *In re Syedali Mursalien,* No. A73 545 067 (B.I.A. Sept. 26, 2005), *aff'g* No. A73 545 067 (Immig. Ct. N.Y. City Feb. 2, 2004 and Jan. 3, 2005). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

The IJ did not abuse her discretion by denying Mursalien's sequential and untimely applications for reopening of his deportation proceedings. Mursalien provides no excuse for his initial failure to comply with the 90–day deadline for filing his motion to reopen, *see* 8 C.F.R. § 1003.23(b), regardless of any subsequent ineffective assistance of counsel he may have suffered. That deadline expired before Mursalien sought any legal advice. Even excusing that initial untimeliness, and assuming that Mursalien demonstrated ineffective assistance of counsel, he did not demonstrate that he exercised due diligence in pursuing reopening because there was a gap of more than three years between the date he knew or should have known that his counsel had been ineffective and the date that he took the first step required for a motion to reopen based on ineffective assistance of counsel, a complaint to a disciplinary authority. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006). To the extent Mursalien contended for the first time at oral argument that his failure to exercise due diligence was caused by additional ineffective assistance, we decline to consider that argument, as it was not raised in his brief. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). A fortiori, there was no abuse of discretion with respect to the second motion to reopen, which also violated the regulation's provision limiting asylum applicants to one

motion to reopen. See 8 C.F.R. § 1003.23(b).

We have considered Mursalien's remaining arguments and conclude that they lack merit. We, therefore, deny review and deny, as moot, Mursalien's motion for a stay.